IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALBERT A. MUTO, )
 )
      Petitioner, )
 )
v. ) Civ. A. No. 04-1368-KAJ
 )
THOMAS CARROLL, Warden, )
 )
      Respondent. )

MEMORANDUM OPINION

———————

Albert A. Muto. *Pro se* Petitioner.

Gregory E. Smith, Esq., Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondent.

———————

December 7, 2005
Wilmington, Delaware


Jordan, District Judge

## I. INTRODUCTION

Petitioner Albert A. Muto ("Muto") is incarcerated at the Delaware Correctional Center in Smyrna, Delaware. Before me is Muto's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.) For the reasons that follow, I will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2003, a New Castle County grand jury indicted Muto on one count of threatening a public official in violation of 11 DEL. C. ANN. § 1240. In August 2004, a Superior Court judge presided over a one-day, non-jury trial in which Muto was representing himself, and found Muto guilty as charged. In October 2004, the Superior Court sentenced Muto to two (2) years incarceration at Level V. Muto did not appeal his conviction and sentence to the Delaware Supreme Court.

In October 2004, Muto filed in this Court a handwritten petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.) Muto also filed an amendment to the petition in November 2004. (D.I. 5.) The State filed an answer asking the Court to dismiss the petition for failure to exhaust state remedies. (D.I. 9.) Muto filed a reply to the answer. (D.I. 12; D.I. 14.)

## III. THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*,

538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards for analyzing the merits of a habeas petition. See Woodford, 538 U.S. at 206. Generally, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

## IV. DISCUSSION

In his petition, Muto asserts six claims for relief: (1) the Superior Court denied his Sixth Amendment right to counsel by permitting him to represent himself instead of appointing conflict counsel; (2) the trial judge erred by not allowing Muto to present unnamed court personnel and the prosecutor as witnesses; (3) the prosecutor should have been precluded from presenting the State's case because Muto sought to call him as a witness; (4) the Superior Court should have had a different doctor evaluate Muto's competency; (5) the sum total of these errors should have resulted in a mistrial; and (6) the state courts should have appointed a new attorney to file an appeal on his behalf. (D.I. 1, at 3-4; D.I. 5.)

Before seeking habeas relief from a federal court, a petitioner in custody pursuant to a state court judgment must first exhaust remedies available in the state

2

courts. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). To satisfy the exhaustion requirement, a state prisoner must demonstrate that he invoked "one complete round of the State's established appellate review process," and fairly presented the claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000).

If, however, a petitioner did not fairly present a claim to the state court, and further state court review is not "clearly foreclosed," then the claim is not exhausted. *See Jones v. Morton*, 195 F.3d 153, 156 n.2 (3d Cir. 1999). Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

Here, the State correctly asserts that Muto failed to exhaust state remedies for any of these claims. (D.I. 9, at 2.) He did not appeal his conviction and sentence, nor did he file any motions for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").

Further, although Muto is barred from filing an appeal at this point in time, *see* Del. Sup. Ct. R. 6(a)(ii) (imposing a thirty (30) day time period in which to appeal); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 511 (D. Del. 2003), he is not conclusively

3

barred from pursuing further state court review of these claims via a Rule 61 motion. First, a Rule 61 motion would not be time-barred because three years have not yet passed from the date on which Muto's conviction became final. Del. Super. Ct. Crim. R. 61(i)(1); see Jackson v. State, 654 A.2d 829, 833 (Del. 1995). Second, because Muto did not file an appeal or post-conviction motion, Rule 61(i)(2) would not bar the claims as repetitive and Rule 61(i)(4) would not bar the claims as formerly adjudicated. See Del. Super. Ct. Crim. R. 61(i)(2),(4); Robinson v. State, 562 A.2d 1184, 1185 (Del. 1989). Finally, although there is a possibility that Muto's claims would be procedurally defaulted under Rule 61(i)(3) due to his failure to appeal his conviction, he might be able to establish cause for the default by demonstrating that he should have been appointed new counsel for the purposes of appealing his conviction. See, e.g., Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).

Having determined that Muto's petition contains only unexhausted claims, I am required to dismiss the petition without prejudice to enable him to exhaust state remedies.[1]

---

[1] In this case, AEDPA's limitations period expired while Muto's petition was pending. By dismissing the petition now, Muto may be foreclosed from pursuing further federal habeas review of these claims at a later date. (If, however, Muto establishes that the Superior Court's failure to appoint new counsel for his appeal constituted cause under Rule 61(i)(3), he may be able to argue that AEDPA's limitations period should be equitably tolled for the same reason.)

The United States Supreme Court has recently held that, in extremely narrow circumstances, a district court has the discretion to stay a timely filed habeas proceeding if the petition contains both exhausted and unexhausted claims ("mixed petition"), and the district court determines that an "outright dismissal [of the mixed petition] could jeopardize the timeliness of a [future] collateral attack." Rhines v. Weber, - U.S. - , 125 S.Ct. 1528, 1533 (2005) (holding that the situations in which a federal court has discretion to engage in the stay-and-abey procedure for mixed petitions are very limited); cf. Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) (holding

4

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without

---

that "a stay is the only appropriate course of action" for a mixed petition "when an outright dismissal could jeopardize the timeliness of a collateral attack."). The stay-and-abey procedure is only appropriate if the district court determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 125 S.Ct. at 1535.
 The stay-and abey procedure is not available here, however, even though dismissing Muto's petition will probably foreclose further habeas review due to AEDPA's limitations period. First, Muto's petition is not mixed. Further, even if I had discretion under *Rhines* to issue a stay for a petition containing only unexhausted claims, a stay would be inappropriate because Muto has not demonstrated that he had good cause for failing to satisfy the exhaustion requirement. *Rhines*, 125 S.Ct. at 1533. In January 2005, the State filed its answer explaining the exhaustion requirement and stated that Muto could still pursue his habeas claims via a Rule 61 motion in the Superior Court. Muto, however, did not follow that suggestion. He filed a reply to the State's answer, dated January 15, 2005, contending that he was excused from the exhaustion requirement because any attempt on his part to exhaust state remedies would be futile. However, his unsupported futility argument fails to satisfy the futility exception to the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(B) (excusing exhaustion where "there is an absence of available State corrective process"); *Parker v. Kelchner*, - F.3d - , 2005 WL 2979229, at*5 (3d Cir. Nov. 8, 2005) (holding that "likely futility on the merits ... in state court of a petitioner's habeas claim does not render the claim 'exhausted' within the meaning of § 2254(b)(1)(A) so as to excuse the petitioner's failure to exhaust that claim by presenting it in state court before asserting it in a federal habeas petition.").

5

reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

I conclude that Muto's habeas petition must be dismissed without prejudice for failure to exhaust state remedies. I do not believe that reasonable jurists would find that conclusion to be debatable. Consequently, I will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Muto's petition for habeas relief pursuant to 28 U.S.C. § 2254 is dismissed without prejudice for failure to exhaust. An appropriate order will follow.